**SO ORDERED.**

**SIGNED this 29th day of April, 2013.**



Janice Miller Karlin
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: | Case No. 12-40906 |
| **Courtney Jane Beach** | Chapter 7 |
| **John Edward Beach,** | |
| **Debtors.** | |

### Memorandum Opinion and Order Overruling the
### Trustee's Objection to Exemption

This matter is before the Court on Trustee Robert L. Baer's objection to exemption of the earned income tax credit ("EIC"), claimed by Debtors Courtney and John Beach pursuant to K.S.A. § 60-2315.[1] Under this exemption, a Kansas debtor in bankruptcy is entitled to exempt from the bankruptcy estate the right to receive the federal and state EIC. A general debtor in Kansas not proceeding in bankruptcy, however, is not entitled to this protection. The Trustee argues that his avoidance powers under 11 U.S.C. § 544(a)(2) defeat the Debtors' exemption. Because the

---

[1] Doc. 9.

exemption claimed does not conflict with the Trustee's rights and powers as a hypothetical executing creditor under § 544(a)(2), the Trustee's objection is overruled.

## I. Factual and Procedural History

The Debtors filed a Chapter 7 bankruptcy petition on June 13, 2013. The Debtors' Schedule C claimed as exempt their "Earned Income Credit," pursuant to the Kansas exemption statutes, and the Trustee objected to that exemption.[2]

The Court originally placed the objection to exemption under advisement, based on ripeness concerns stemming from the exemption of a tax refund that was neither certain to occur nor certain in amount.[3] Because the Debtors have now received their 2012 tax refund, the matter is now ripe.[4] Their federal EIC was $2078, and the Kansas EIC was $375.[5]

---

[2] Doc. 9.

[3] *See* Doc. 10 (Order Placing the Trustee's Objection to Exemption Under Advisement and Setting Case Management Deadlines) and Doc. 28 (General Order In re: Objections to 2012 Exemption of the Earned Income Tax Credit).

[4] *See Tarrant Reg'l Water Dist. v. Herrmann*, 656 F.3d 1222, 1250 (10th Cir. 2011) ("In evaluating ripeness the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all."); *Salt Lake Tribune Publ'n Co. v. Mgmt. Planning, Inc.,* 454 F.3d 1128, 1140 (10th Cir. 2006) ("Determining whether the issues presented by this case are ripe for review requires us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. We have described the fitness inquiry as whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all. We have described the hardship inquiry as whether the challenged action creates a direct and immediate dilemma for the parties." (internal quotations and citations omitted)).

[5] Doc. 38 (Stipulation By and Between Robert L. Baer and Debtors); Doc. 39 (Notice of Receipt of Intercepted Federal Tax Refund). The issue before the Court has been fully briefed, and the Court has considered all briefs. *See In re Murray*, Case No. 12-41579 (case designated as lead case for administrative simplicity; briefs filed in that case as follows:

## II. Analysis

### A. Objections to Exemptions

Under the Bankruptcy Code, when a debtor files a petition for bankruptcy relief, an estate is created.[6] That bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."[7] The Bankruptcy Code does, however, permit the exemption of certain property from the estate.[8] The Bankruptcy Code includes a list of federal exemptions available to the debtor,[9] but permits a state to "opt-out" of the federal exemptions in favor of state-law exemptions, when that state specifically prohibits the use of the federal exemptions.[10]

Kansas is an "opt-out" state, meaning that it has opted out of using the federal

---

Doc. 29 (Amicus Curiae Brief of Trustee Robert L. Baer in Support of Objection to Exemption of Earned Income Credit); Doc. 30 (Trustee Williamson's Memorandum in Support of Objection to Debtor's Exemptions); Doc. 32 (Debtor's Memorandum in Opposition to Trustee's Objection to Earned Income Credit Exemption); Doc. 36 (Brief of Amicus Curiae National Association of Consumer Bankruptcy Attorneys in Support of Debtor); Doc. 37 (Kansas Attorney General's Memorandum in Opposition to the Trustee's Objection to Debtor's Exemption and in Defense of the Constitutionality of K.S.A. 60-2315); Doc. 41 (Response to Amicus Curiae Brief of Robert L. Baer in Support of Objection to Exemption of Earned Income Credit Filed on Behalf of Debtors Edinger (12-40904) and Beach (12-40906)); Doc. 50 (Trustee Williamson's Reply Brief to Responsive Briefs of the Debtor and the State of Kansas)).

[6] 11 U.S.C. § 541(a) ("the commencement of a case under . . . this title creates an estate.").

[7] *Id.* § 541(a)(1).

[8] *See id.* § 522(b)(1) ("Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.").

[9] *Id.* § 522(d).

[10] *Id.* § 522(b)(2).

-3-

Bankruptcy Code exemptions in favor of its state-created exemptions.[11] The exemptions in Kansas, specifically K.S.A. § 60-2315, permit a debtor to "exempt the debtor's right to receive tax credits allowed pursuant to" the federal and state EIC for "one tax year."[12] The exemption also states: "Nothing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance."[13]

The Trustee objected to the Debtors' exemption under K.S.A. § 60-2315.[14] In a challenge to a claimed exemption, the objecting party—here the Trustee—has the "burden of proving that the exemptions are not properly claimed."[15] Under Kansas law, exemption statutes are to be liberally construed for the benefit of the debtor.[16] The Court has jurisdiction to decide contested matters such as the Trustee's objection to

---

[11] 11 U.S. C. § 522(b)(2); K.S.A. § 60-2312 (prohibiting, with exception, individual debtors from electing federal exemptions).

[12] K.S.A. § 60-2315.

[13] *Id.*

[14] There is no dispute that the Trustee's objection was timely filed. *See* Fed. R. Bankr. P. 4003(b)(1) (requiring objections to claims of exemptions be filed "within 30 days after the meeting of creditors held under § 341(a) is concluded").

[15] Fed. R. Bankr. P. 4003(c).

[16] *Hodes v. Jenkins (In re Hodes)*, 308 B.R. 61, 65 (10th Cir. BAP 2004) ("Under Kansas law, exemption statutes are to be liberally construed in favor of those intended by the legislature to be benefitted."); *In re Hall*, 395 B.R. 722, 730 (Bankr. D. Kan. 2008) (stating that "the Kansas Supreme Court has directed that exemption claims are to be liberally construed in favor of debtors").

exemption.[17] This matter constitutes a core proceeding.[18]

### B. The Trustee's Powers Under § 544 of the Bankruptcy Code

The Trustee bases his objection on 11 U.S.C. § 544(a)(2). That section, titled "Trustee as lien creditor and as successor to certain creditors and purchasers," states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by– –
> . . .
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[.]

Generally stated, this section of the "strong-arm statute" permits a trustee to exercise his strong-arm powers to gain remedies under state law that would be available to creditors holding executions remaining unsatisfied as of the commencement of the bankruptcy case.

The Trustee argues that because an individual outside of bankruptcy is not given the exemption of the EIC from creditors as is the debtor in bankruptcy, a judgment creditor outside of bankruptcy could gain access to an EIC in the individual's hands, limiting the powers of a hypothetical Kansas execution creditor. The Trustee's reliance on this section of the Bankruptcy Code stems from selectively quoted language

---

[17] 28 U.S.C. § 157(a) and 11 U.S.C. § 1334(a)–(b); *see also* Standing Order dated August 1, 1984, effective July 10, 1984, referenced in D. Kan. Rule 83.8.5 (reference from the United States District Court for the District of Kansas of all cases and proceedings in, under, or related to Title 11 to the District's bankruptcy judges).

[18] 28 U.S.C. § 157(b)(2)(B).

-5-

from a Tenth Circuit BAP case, *Rupp v. Duffin (In re Duffin)*.[19] In *Duffin*, the BAP considered whether a trustee could object to an exemption under 11 U.S.C. § 544(a), utilizing his "rights and powers" under that statute as a hypothetical creditor. The BAP analyzed a Utah exemption that excluded from its reach prepetition payments debtor made on life insurance policies within one year of filing bankruptcy.

Regarding § 544(a)(2), the *Duffin* Court discussed a split in authority over the breadth of a trustee's hypothetical powers under § 544(a)(2).[20] The Court ultimately concluded that "the powers given to a trustee under § 544(a)(2) are not limited to avoidance of transfers but specifically include broader 'rights and powers.'"[21] The Court quoted with approval a Tenth Circuit case stating that:

> Simply stated, from the reservoir of equitable powers granted to the trustee to maximize the bankruptcy estate, Congress has fashioned a legal fiction. Not only is a trustee empowered to stand in the shoes of a debtor to set aside transfers to third parties, but the fiction permits the trustee also to assume the guise of a creditor with a judgment against the debtor. Under that guise, the trustee may invoke whatever remedies provided by state law to judgment lien creditors to satisfy judgments against the debtor.[22]

Under this rubric, the *Duffin* panel applied § 544(a)(2). The Court stated that the statute granted the Trustee "the guise of a creditor with an execution returned

---

[19] 457 B.R. 820 (10th Cir. BAP 2011).

[20] *Id.* at 827–28.

[21] *Id.* at 828.

[22] *Id.* (quoting *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir. 1990)).

-6-

unsatisfied against the Debtors."[23] Therefore, the BAP held, the Trustee could invoke the remedies provided by state law to creditors holding executions returned unsatisfied.[24] Therefore, the BAP concluded, "[t]hrough the use of a trustee's hypothetical powers" under § 544, the trustee could stand as a creditor would, and gain access to the non-exempt funds.[25]

The important point in the *Duffin* BAP Court's analysis is that the property at issue was *non*-exempt. There was no bankruptcy specific exemption at issue in *Duffin*. A trustee exercising § 544(a)(2) rights stands in the shoes of a hypothetical executing creditor only to the extent the creditor could attach the property outside of bankruptcy. Based on the applicable state law, the creditor in that case would have had access to payments made by the debtors on life insurance policies in the year prior to the bankruptcy petition date, because such payments were *excluded* from the applicable exemption.[26] The *Duffin* analysis is simply inapplicable because it is limited to the facts of that case.[27]

This Court has had prior occasion to consider the *Duffin* BAP decision, albeit

---

[23] *Id.* at 829.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 821–22.

[27] By analogy to *Duffin*, if the Debtor in this case had failed to file two years of tax returns before the date of her petition, and was entitled to EIC refunds for each year, the Trustee may well be entitled to the EIC refunds for one of those years since the statute limits the exemption to one year. In that instance, the Trustee would be pursuing statutorily non-exempt property, as was the case in *Duffin*.

-7-

Case 12-40906    Doc# 43    Filed 04/29/13    Page 7 of 10

only briefly. In *In re Westby*,[28] the trustee challenged the same exemption addressed herein on myriad grounds. One of those challenges was based on 11 U.S.C. § 549, based on an alleged unauthorized transfer. In a footnote to the analysis of § 549, the Court addressed the *Duffin* case. The Court stated:

> [T]he Tenth Circuit BAP opinion in *Rupp v. Duffin (In re Duffin)*, . . . upon which the Trustee relies, is inapplicable. In *Duffin*, the BAP considered whether a trustee could object to an exemption under 11 U.S.C. § 544(a), utilizing his "rights and powers" under that statute as a hypothetical creditor. The BAP analyzed a Utah exemption that excluded from its reach prepetition payments on life insurance policies. The BAP concluded that, "[t]hrough the use of a trustee's hypothetical powers" under § 544, the trustee could stand as a creditor would, and gain access to the non-exempt funds. As should be abundantly clear from the discussion herein, Senate Bill No. 12 makes a debtor's EIC exempt, and no creditor of a debtor in bankruptcy could reach that exempt asset, just as the Trustee may not.[29]

Section 544(a)(2) grants its hypothetical powers to a trustee "as of the commencement of the case." Therefore, § 544(a)(2) permits a trustee to stand in the shoes of a creditor to claim that creditor's hypothetical priority only as to property of the estate. As discussed above, the commencement of a case creates the bankruptcy estate—the exercise of an exemption *removes* property from the bankruptcy estate.

The Trustee's argument was more extensively addressed in a decision from Judge Nugent, *In re Earned Income Tax Credit Exemption Constitutional Challenge*

---

[28] 473 B.R. 392 (Bankr. D. Kan. 2012), *aff'd, In re Westby*, 486 B.R. 509 (10th Cir. BAP 2013), *appeal dismissed, Williamson v. Westby (In re Westby)*, Case No. 13-3044 (10th Cir. Mar 29, 2013). The Sixth Circuit recently affirmed the constitutionality of, and rejected various challenges to, a Michigan bankruptcy specific exemption in *In re Schafer*, 689 F.3d 601 (6th Cir. 2012), *cert denied, Richardson v. Schafer*, 133 S. Ct. 1244 (2013).

[29] *Id.* at 419 n.189 (internal citations omitted).

*Cases*[30]—the opinion in the jointly administered, similar EIC cases in the Wichita division of the District of Kansas Bankruptcy Court. Judge Nugent rejected the Trustee's § 544 argument as follows:

> The Trustees suggest that because a debtor outside of bankruptcy cannot take this exemption, a judgment creditor outside bankruptcy could attach the EIC in the debtor's hands, limiting the powers of a hypothetical Kansas execution creditor. But § 544 grants these hypothetical powers to a trustee "as of the commencement of the case," meaning that the trustee may stand in the shoes of a creditor to claim that creditor's hypothetical priority *in property of the estate.* The exercise of the exemption removes that property from the estate, depriving the trustee of the right to administer it. The same is true for all property claimed as exempt in bankruptcy.[31]

Judge Nugent's reasoning applies equally well to the Trustee's argument in this case. The Trustee's § 544 rights do not extend to property that is not property of the estate.

### III. Conclusion

The Court concludes that the Trustee has not carried his burden to prove that the exemption is not properly claimed.[32]

**It is, therefore, by the Court Ordered** that the Trustee's objection to exemption[33] is overruled.

**It is further Ordered** that this Memorandum Opinion and Order shall be

---

[30] 477 B.R. 791 (Bankr. D. Kan. 2012). The trustee appealed Judge Nugent's decision to the United States District Court for the District of Kansas, but no decision has yet been rendered.

[31] *Id.* at 804.

[32] *See* Fed. R. Bankr. P. 4003(c) (placing burden of proof regarding exemptions on "the objecting party").

[33] Doc. 9.

placed on the Court's website. Additional objections to exemption filed by Trustee Baer asserting the same basis rejected herein are held under advisement, pending resolution of any appeal the Trustee may elect to file.[34] In the event no appeal is taken, the Court will set for hearing Trustee Baer's other objections to exemption and determine, after input from the parties, how to proceed.

# # #

---

[34] These additional cases are: *In re Hill*, Case No. 12-40587; *In re Graham*, Case No. 12-40610; *In re Jackson*, Case No. 12-40623; *In re Griffith*, Case No. 12-40643; *In re Torres*, Case No. 12-40659; *In re Maendele*, Case No. 12-40673; *In re Belk*, Case No. 12-40697; *In re Edinger*, Case No. 12-40904; *In re Orlando*, Case No. 12-40916; and *In re Sandquist*, Case No. 12-41157.

In the *Hill* and *Graham* cases, extended briefing deadlines were set due to the late filing of the parties' Joint Stipulation caused by late-filed tax returns. The Court finds that additional briefing on these matters is unnecessary, and cancels the previously set briefing schedules. In addition, in both the *Hill* and *Graham* cases, the Joint Stipulation required by the General Order entered in those cases has never been filed. Both cases (*Hill* and *Graham*) remain set for hearing on April 30, 2013 at 1:30 p.m. so the Court can monitor the filing of the required Joint Stipulation.

In the following cases of Trustee Baer, a motion to compromise the Trustee's objection to exemption of the EIC has been filed, but the objection deadline has not yet run, so no final order has been entered: *In re Orlando*, Case No. 12-40916 (objection deadline May 14, 2014); *In re Cagle*, Case No. 12-41075 (objection deadline May 8, 2013), and *In re Ramirez*, Case No. 12-41955 (objection deadline May 7, 2013). The Court does not enter this order in these pending compromised cases, and leaves the parties to their bargain.